

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 20, 1977

Honorable Robert E. Stewart          Opinion No. H-996
Commissioner
Department of Banking                Re:  Entitlement of Department
2601 North Lamar                     of Banking employees to be
Austin, Texas                        paid for accummulated sick
                                     leave on separation.

Dear Mr. Stewart:

You ask whether employees of the Department of Banking
who resign are entitled to be paid for one-half of sick leave
accrued. There is no general law providing that separated
employees be paid for sick leave, and you advise us that the
Department has not adopted any rule or policy authorizing such
payment. See Attorney General Opinion H-126 (1973). The cur-
rent General Appropriations Act does provide in article 5,
section 7(b) that all state employees, upon separation, be
paid for one-half of their accrued sick leave. General Ap-
propriations Act, Acts 1975, 64th Leg., ch. 743, art. V, § 7(b),
at 2850. However, this provision merely details how appro-
priated funds are to be spent, since the Appropriations Act
elsewhere states:

> The provisions set forth in this and
> all other Articles of this Act are limita-
> tions on the appropriations made in this
> Act. It is the purpose of the Legislature
> in enacting this bill only to appropriate
> funds and to restrict and limit by its
> provisions the amount and conditions under
> which the appropriations can be expended.

Id. art. V at 2815. See also Jessen Associates, Inc. v.
Bullock, 531 S.W.2d 593 (Tex. 1975). Article 5, section 7(b)
does not in itself appropriate funds; nor is it general
legislation requiring the payment of sick leave to separated
employees. See also Attorney General Opinion WW-1095 (1961).
Such general legislation could not be validly included in
a general appropriations act. Tex. Const. art. 3, § 35;
Attorney General Opinions H-351 (1974); V-1254 (1951).

The General Appropriations Act allocates a relatively small sum to the Department of Banking for salaries and expenses necessary to administer article 548b, V.T.C.S., which regulates the business of selling prepaid funeral benefits. We find no other appropriation to the Department of Banking. The Department is directed by statute to retain the fees, penalties, and revenues it collects and to pay its expenses from these funds. V.T.C.S. art. 342-112. The Finance Commission of Texas is responsible for budgeting these funds, V.T.C.S. article 342-112, and we find no provision subordinating their decisions to the General Appropriations Act. See Attorney General Opinion H-456 (1974). The appropriations act provision on sick leave payment applies only to the funds appropriated by that act, and not to the non-appropriated funds held by the Department. Employees whose salaries are paid from the appropriation for administration of article 548b are entitled to the benefits of article V, section 7(b) of the appropriations act, while employees paid from other funds held by the Department are not.

### S U M M A R Y

The provisions in the General Appropriations Act of 1975 that separated state employees be paid for one-half of their sick leave directs how funds appropriated in the Act be spent, but does not apply to the payment of employees from non-appropriated funds of the Banking Department.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee